[Civ. No. 27802.   Second Dist., Div. One.   Mar. 3, 1964.]

CITY OF EL MONTE, Plaintiff and Respondent, v. CONSOLIDATED COUNTY FIRE PROTECTION DISTRICT OF LOS ANGELES COUNTY, Defendant and Appellant.

Harold W. Kennedy, County Counsel, and Lloyd S. Davis, Chief Trial Deputy, for Defendant and Appellant.

Burke, Williams & Sorensen and Harry C. Williams for Plaintiff and Respondent.

LILLIE, J.—Defendant County Fire Protection District appeals from a judgment for $53,975.38 entered in favor of plaintiff City of El Monte on an order granting plaintiff's motion for judgment on the pleadings.

The factual allegations in the pleadings are uncontroverted. By 10 separate annexation proceedings plaintiff city, during an 11-month period, annexed certain unincorporated territory within defendant district. Each annexation contained an assessed value of less than one half of one per cent of the assessed value of defendant district, but in the aggregate the value of the 10 annexations exceeded one half of one per cent. Within one year after the first annexation proceeding was completed plaintiff city, on January 8, 1962, adopted a single resolution declaring that all territory annexed to it by the 10 annexation proceedings was withdrawn from the defendant district, and fixing January 29, 1962, as the date on which the withdrawal was to become effective. Thereafter, defendant district denied plaintiff's claim for division of assets of the district; the within action for apportionment resulted. It was stipulated that if plaintiff is entitled to apportionment the amount of its share if $53,975.38.

The sole issue—whether plaintiff city is entitled to an apportionment of the assets of defendant district where the area withdrawn by a single resolution consists of more than one half of one per cent of the assessed value of the district but is composed of several separate annexations no one of which exceeds said percentage—is governed by sections 14540 and 14549, Health and Safety Code.

Section 14540 specifies the territory subject to withdrawal by a city from a district, and the procedure. It provides: "Whenever any portion of a district is included within a city by annexation such portion may be withdrawn from the district. The legislative body of the city may within one year after the annexation proceedings are complete provide by resolution that such territory shall be withdrawn from the district. Such withdrawal shall be effective on the date fixed by the legislative body of the city, which date shall not be more than two years after the annexation proceedings are complete. . . ."

Section 14549 relates to the effect of withdrawal on division of assets of a district. In pertinent part it provides that, "[U]pon the withdrawal of any territory of a district, by inclusion within a city," if the assessed value of the real property within the "area withdrawn" exceeds one half of one per cent of the total assessed value of the real property within the district, all of the property and unencumbered funds of the district shall be divided between the city and

remaining district in proportion to the average assessed value.

A search has brought to light no judicial decisions interpreting these sections. Appellant, contending that the statutes "must be construed as authorizing a division of the assets of the District only where the assessed valuation of the area *annexed* by a particular annexation exceeds the one-half of one percent limitation," (A.O.B., p. 15) argues that since section 14540 has failed to provide a procedure whereby separate annexations may be consolidated and withdrawn as a unit, it contemplates a separate withdrawal for each annexation. (Emphasis added.) We conclude, as did the trial court, that such interpretation is inconsistent with both the language and the intent of the statutes, and that the facts alleged in the amended complaint meet the statutory requirements for apportionment of assets.

■ On January 8, 1962, within a year of the completion of the first annexation proceeding, the city council by resolution provided that all territory embraced in the 10 separate annexation proceedings be withdrawn from defendant district. ■ ■ It is clear from the language of section 14540 that a withdrawal of territory from a district is accomplished, not by an annexation proceeding of a city, but by a resolution of its legislative body providing "that such territory [annexed by the annexation proceeding] shall be withdrawn from the district"; and section 14549 leaves no doubt that it is the assessed value of the "area withdrawn" by said resolution, *not* the area annexed as urged by appellant, which determines the right to apportionment of assets of the district, and nothing in the statute prohibits inclusion in the "area withdrawn" of portions of the district annexed by the city in more than one annexation proceeding. ■ Thus, inasmuch as the assessed value of the combined real property within the "area withdrawn" by resolution exceeded one half of one per cent of the total value of that within defendant district prior to withdrawal, plaintiff is entitled to share the assets of the district.

■ The argument that the words "portion" and "territory" appearing in section 14540 were intended to be construed solely in the singular, and that "territory" refers to a single "unified solid area" (as defined in *People* v. *Town of Corte Madera*, 97 Cal.App.2d 726, 730 [218 P.2d 810], interpreting the 1913 annexation statutes) is without merit. Section 13, Health and Safety Code, provides that "[T]he

singular number includes the plural, and the plural the singular''; and nothing in either section 14540 or 14549 requires the ''territory'' or ''area'' withdrawn to be a single ''unified, solid area.'' Thus, it is not material that the resolution may describe the areas of 10 separate annexations rather than one; however, the record before us fails to disclose that the territory described in the resolution consists of 10 separate parcels rather than one solid area. ▮ Also without substance is appellant's position that ''area withdrawn,'' as used in section 14549, could refer only to territory embraced by one particular annexation. It is readily apparent from the section that ''area withdrawn,'' the assessed value of which determines the right to apportionment of assets, refers back to the phrase ''any territory'' appearing in the initial sentence of section 14549; nor is the term ''any,'' one of limitation. ''Any'' as used therein is all inclusive in its connotation, and in its reference to ''territory'' means exactly what it says—that upon the withdrawal of any territory of a district which has been included within a city, if the assessed value of the real property within the area withdrawn represents more than one half of one per cent of the total assessed value of the real property within the district prior to the withdrawal, there shall be a division of the property and assets of the district. ▮ And inasmuch as it is the assessed value of the ''area withdrawn,'' and not the area annexed, which determines the right to apportionment, immaterial is the assessed value of the real property of any one annexation, or the number of annexations involved, as long as the assessed value of the combined area withdrawn by the one resolution represents in excess of the limitation set up in section 14549.

Supporting the above construction is the purpose, object and legislative intent of section 14549. Since 1931, distribution of assets on withdrawal of territory has been provided by statute without limitation on the amount of the assessed value of the real property withdrawn. (County Fire Protection District Act amended by Statutes 1931, ch. 762, p. 1599 [§ 7a], later codified as Health and Saf. Code, § 14549.) This was based on the equitable principle that where territory of a district, which through taxation has contributed to the assets of the district, is annexed by a city and withdrawn from the district it should be entitled to its proportionate share of the assets which it helped acquire. In the years following, however, annexations of all amounts of territory increased sub-

stantially resulting in continuous computations of assessed valuation and appraisals of the assets of the district by the county auditor, and distribution thereof. These repeated computations and distributions, in turn, necessitated constant reconsideration by the district of its budget. The time, effort and expense involved in computing and dividing the assets and rebudgeting income and expenses after each withdrawal became increasingly burdensome to the district, compared to the trivial results where the areas withdrawn were small and insignificant. ■ Finally, to alleviate this situation, the Legislature by amendment in 1959 provided the formula now contained in section 14549. As before, the statute favors apportionment, but now limits it to withdrawals in which the assessed valuation of the real property within the area withdrawn is of a value of one half of one· per cent of the assessed valuation of the real property prior to withdrawal. The reason for the limitation was to eliminate the burdens imposed upon the district and the county auditor in processing for apportionment numerous small withdrawals; the change concerned no intent to arbitrarily effect a forfeiture of any share of assets of a district a withdrawn area owns and toward which it contributed. Thus, had plaintiff, before 1959, during the 11-month period withdrawn the territory included in each of the 10 annexations by 10 separate resolutions, defendant district would have been faced with the burden of computing its total value and the amount of its assets, determining the percentage, issuing remittances, each in an amount less than one half of one per cent, and rebudgeting its income and expenses, ten separate times. ■ However, within the spirit and purpose of the amendment, plaintiff, as it had a right to do, waited until the assessed value of the combined area it sought to withdraw exceeded one half of one per cent, and then withdrew the area annexed by passing a single resolution. Accordingly, the county auditor had to make but one computation, assessment, distribution and remittance; and it is for just such reason that the measure imposed by section 14549 is the assessed value of the territory withdrawn regardless of how many annexation proceedings are involved.

For the foregoing reasons the judgment is affirmed.

Wood, P. J., and Fourt, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 29, 1964.